*Link to doc. # 63*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4987-GHK (JEMx) | Date | June 26, 2012 |
|---|---|---|---|
| Title | *Maurice McCullough v. Office Depot, Inc.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order Striking Plaintiff's Motion for Class Certification and Class Allegations in the First Amended Complaint

On September 9, 2011, we denied Plaintiff Maurice McCullough's ("Plaintiff") request to (once again[1]) continue the deadline for filing a class certification for four more months. We also denied Plaintiff's implicit request to extend the September 9, 2011 discovery completion deadline. However, we provided him with "one final opportunity to file a class certification motion" by October 10, 2011. We cautioned Plaintiff that any motion for class certification had to be preceded by a real-time meet and confer, and it had to be noticed for a hearing "regularly under the Local Rules." We warned that "Plaintiff's failure to timely file a class certification motion, or failure to otherwise comply with the Local Rules or this Court's Order, will be deemed a waiver of the class allegations, and this case will proceed as an individual action." On October 7, 2011, Plaintiff filed his Motion for Class Certification ("Motion"), (Dkt. No. 63), and noticed it for hearing on January 9, 2012 – three months later.

Since that time, numerous developments occurred. The Parties stipulated to three (3) extensions of time for briefing and hearing on this matter. Two of Plaintiff's attorneys were removed from this action, and four new attorneys were added. Defendant apparently took the deposition of Plaintiff's expert witness on December 14, 2011, notwithstanding our Scheduling Order's instruction that all expert discovery must be completed by October 28, 2011. Additional class records were apparently exchanged after that deposition, notwithstanding the September 9, 2011 fact discovery completion deadline. Defendant's Opposition was not filed until February 20, 2012, *four months* after the Motion was filed. Defendant's Opposition cites, *inter alia*, deposition testimony from Plaintiff's expert, whose deposition occurred more than two months after Plaintiff's Motion was filed. Plaintiff filed his Reply on March 19, 2012. Thereafter, Defendant filed an *ex parte* application to file a Surreply, arguing that Plaintiff had asserted new arguments and mischaracterized new evidence and legal authority. We denied Defendant's *ex parte* application. This Motion was finally scheduled for hearing (by request of

---

[1] We had on several previous occasions granted Plaintiff extensions of the class certification filing deadline.

*Link to doc. # 63*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4987-GHK (JEMx) | | Date | June 26, 2012 |
|---|---|---|---|---|
| Title | *Maurice McCullough v. Office Depot, Inc.* | | | |

the Parties via a stipulation) on May 7, 2012 – exactly *seven months* from the date on which it was filed.

On May 4, 2012, we issued an Order stating our concern that it appeared that both Parties had repeatedly made efforts to circumvent our discovery deadlines and our efforts to ensure that class certification issues be determined in a timely fashion. Additionally, we noted Plaintiff's failure to comply with Local Rule 7-3, our Case Management Order, and our September 9, 2011 Order. Local Rule 7-3 states:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution. . . . If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Our Case Management Order, (Dkt. No. 7), states that we "take[] this rule seriously" and expect counsel to discharge their obligations under Local Rule 7-3 in good faith via real-time communication.[2] Our September 9, 2011 Order made clear that the Parties must "meet and confer in real-time prior to such filing" and that "Plaintiff's failure to . . . comply with the Local Rules or this Court's Order, will be deemed a waiver of the class allegations, and this case will proceed as an individual action."

Our May 4, 2012 Order noted that we had scrutinized Plaintiff's Notice of Motion, and found that it contains no statement indicating that a Local Rule 7-3 conference occurred prior to the Motion's filing. Such a statement also does not appear in the Motion itself, nor in the declaration of Mr. Medby, the attorney who signed Plaintiff's Motion. We also stated that the events that have occurred since this Motion was filed appear to further confirm that the Parties did not crystallize their arguments and areas of disagreement before this Motion was filed. First, we noted that the Parties' efforts to delay the filing of Defendant's Opposition is inconsistent with pre-Motion ventilation of each side's positions. Second, we stated that the Parties' request to alter the briefing schedule to allow the inclusion of deposition testimony and records that were exchanged *after* the Motion is likewise inconsistent with pre-Motion discussion; indeed, it would appear impossible for the Parties to have discussed their reliance on testimony that had not yet been uttered and records that had not yet been exchanged. Third, we stated that Defendant's request to file a Surreply further suggests that the Parties did not in good faith discuss their positions and arguments before the Motion was filed. If such a discussion had occurred, neither Party's arguments would have come as a surprise, nor would the facts upon which each Party relied.

---

[2] This is because a Local Rule 7-3 conference allows parties to hopefully come to an informal resolution, but if not, to crystallize their arguments and areas of disagreement so that the motion, opposition, and reply that are filed contain no surprises.

*Link to doc. # 63*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4987-GHK (JEMx) | Date | June 26, 2012 |
|---|---|---|---|
| Title | *Maurice McCullough v. Office Depot, Inc.* | | |

    Accordingly, we ordered Plaintiff to show cause why we should not strike his Motion and his class allegations for failure to comply with the Local Rules and our prior Orders. We warned that his failure to timely and adequately show cause would result in our striking his Motion for Class Certification and class allegations, and in that event, this action would proceed as an individual action only.

    On May 11, 2012, Plaintiff's counsel Gene Williams filed a declaration in response to our May 4, 2012 Order. His declaration states that "Plaintiff did, in fact, comply with Local Rule 7-3 and prior court orders by meeting and conferring with Defendant regarding Plaintiff's anticipated Motion for Class Certification" and that "Plaintiff inadvertently failed to include confirmation of those meet and confer efforts in his Notice of Motion and Motion for Class Certification." (Williams Decl. ¶ 3, Dkt. No. 100). Mr. Williams contends that this purported "meet and confer effort" took place when he called "Defendant's counsel on October 6, 2011, and indicated during that call that Plaintiff would try to certify two subclasses . . . . Plaintiff's counsel also explained the nature of the claims Plaintiff would seek to certify for those two subclasses. Defendants' counsel indicated that they would oppose certification." (*Id.* ¶ 8). To support his contentions, Mr. Williams attaches an e-mail conversation between himself and defense counsel Jennifer Bradford, in which Ms. Bradford recounted her recollection regarding Plaintiff's purported meet and confer efforts. (*Id.*, Exh. D). That email conversation reflects that on October 4, 2011 – three days before Plaintiff's Motion for Class Certification was filed – Plaintiff's counsel sent an email to Defendant's counsel asking if Defendant was available for a conference call on October 5, 2011. The Parties set up a conference call to occur at 4:30 p.m. on October 5, 2011. Plaintiff's counsel failed to call on that date. On October 6, 2011, Plaintiff's counsel called Defendant's counsel and "indicated that [he] would try and certify two subclasses." The next day, Plaintiff filed his Motion for Class Certification.

    Williams's declaration fails to demonstrate good cause why we should not strike his Motion. Indeed, it further confirms our suspicions – that Plaintiff failed to comply with Local Rule 7-3 and our prior Orders. Counsel's recounting of the meet and confer that purportedly occurred shows that the Parties did not "discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution," as required by Local Rule 7-3. The meet and confer obligation requires the Parties to have an in-depth discussion of the legal and factual bases for their motion and opposition, explore any common ground, come to resolution of any issues or sub-issues, and have a clear understanding of the arguments that each side will proffer. It is not a mere notification process and is not fulfilled by counsel giving its opponent a "heads up," the day before filing a motion, that he intends to "try to certify" certain classes on certain claims. It is for this reason that Local Rule 7-3 requires that a conference of counsel must take place "*at least ten (10) days prior to* the filing of the motion."[3]

---

[3] For motions that must be filed within a specified period of time under the Federal Rules of Civil Procedure (such as a Rule 12(b) motion to dismiss, or Rule 59(a) motion for a new trial), Local Rule 7-3 allows a conference of counsel to take place "at least five (5) days prior to the last day for filing the motion." Plaintiff's Motion for Class Certification does not fit this description, and even if it did, Plaintiff would have failed to comply because his purported meet and confer occurred *the day*

*Link to doc. # 63*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4987-GHK (JEMx) | Date | June 26, 2012 |
|---|---|---|---|
| Title | *Maurice McCullough v. Office Depot, Inc.* | | |

(emphasis added). Aside from being substantively inadequate in terms of the Parties' discussion that occurred during the October 6, 2011 phone call, Plaintiff's purported meet and confer is procedurally inadequate because it occurred *the day prior to* his Motion for Class Certification being filed.

We have given Plaintiff *numerous* opportunities to comply with our Orders and the Local Rules in properly and timely filing a Motion for Class Certification. We have also given Plaintiff adequate warning that his failure to so comply would result in our striking of his Motion and class allegations. Rather than heed our warnings, Plaintiff and his counsel have disregarded them and failed to acknowledge this disregard – instead insisting that "Plaintiff did, in fact, comply with Local Rule 7-3 and prior court orders." (Williams Decl. ¶ 3). Accordingly, we hereby **STRIKE** Plaintiff's Motion for Class Certification and the class allegations in his Complaint and conclude that this action shall proceed as an individual action.[4] As the Parties do not appear to have fulfilled their Local Rule 16-15 obligations notwithstanding our November 11, 2011 deadline for doing so, the Parties are hereby **ORDERED** to fulfill this obligation **within thirty (30) days hereof**. In their Joint Rule 26(f) Report, the Parties elected to go to private mediation, and we assume that private mediation is still their preference. Accordingly, within **ten (10) days hereof**, the Parties shall file a joint status report stating the date on which mediation shall take place and the name of the mediator selected by the Parties. If the Parties no longer elect to go to private mediation and instead would prefer to attend a settlement conference with Judge John E. McDermott, they shall contact Judge McDermott's Clerk forthwith to request the earliest available date for settlement conference that is convenient for Judge McDermott and then file a joint status report **within ten (10) days hereof** stating the date on which such settlement conference shall take place. If the case settles, counsel shall notify the court clerk forthwith. If the case does not settle, counsel shall file a joint status report within 48 hours of termination of settlement

---

*before* the Motion was filed.

[4] We further note that Plaintiff's counsel's conduct thus far in this action would have given us pause were we to consider the adequacy of proposed Class Counsel in any motion for class certification. Counsel's inability to follow simple and clearly articulated requirements as stated in the Local Rules and our Orders suggests that counsel may not be capable of fairly and adequately representing the Class. In addition to counsel's failure to fulfill his meet and confer obligations, we note that our Scheduling Order stated that the Parties must comply with Local Rule 16-15 via private mediation by November 11, 2011, and that counsel must file a joint status report within 48 hours of termination of settlement discussions if the case did not settle at mediation. Our first Order extending the time for Plaintiff to file a motion for class certification clearly stated: "All other dates stand. No further extensions." (Dkt. No. 36). Yet the docket reflects that no status report regarding mediation has been filed, and therefore it appears that the Parties have not fulfilled their Local Rule 16-15 obligations and thus have not complied with our Scheduling Order. Additionally, Plaintiff's Counsel has failed to ensure that this action proceeds in an expedient matter – this action was filed in July 2010, yet Plaintiff's Motion for Class Certification was not set to be heard until May 2012. As a result of these infractions, even if we were to consider Plaintiff's Motion for Class Certification, we would have, at the very least, serious reservations about appointing Plaintiff's counsel as Class Counsel.

*Link to doc. # 63*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4987-GHK (JEMx) | Date | June 26, 2012 |
|---|---|---|---|
| Title | *Maurice McCullough v. Office Depot, Inc.* | | |

discussions. Because the deadline for filing any summary judgment motions has passed, and the docket reflects that no such motions have been filed, if this case does not settle at mediation, we will set a trial date at that time .

**IT IS SO ORDERED.**

                                                                                                                                                                        :

Initials of Deputy Clerk     IR for Bea

cc: Judge John E. McDermott